Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/26/2018 09:09 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
VICTOR JENSEN, APPELLANT.
___ N.W.2d ___

Filed April 26, 2018.    No. S-17-835.

1. **Criminal Law: Courts: Appeal and Error.** In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.
2. **Courts: Judgments: Appeal and Error.** Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. But an appellate court independently reviews questions of law in appeals from the county court.
3. **Records: Appeal and Error.** An appellant has the responsibility to present a record that permits appellate review of the issue assigned as error.

Appeal from the District Court for Burt County, JOHN E. SAMSON, Judge, on appeal thereto from the County Court for Burt County, C. MATTHEW SAMUELSON, Judge. Judgment of District Court affirmed.

Victor Jensen, pro se.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

MILLER-LERMAN, CASSEL, STACY, and FUNKE, JJ., and HARDER and NOAKES, District Judges.

Cassel, J.

## INTRODUCTION

Victor Jensen had been allowed to proceed in forma pauperis (IFP) at various times throughout the pendency of his criminal case, which commenced in 2011. In 2016, he sought to have the county "pay" or waive his probation fees and court costs. The county court denied the request, and the district court affirmed. Because Jensen did not present evidence as to his financial condition at the time of the hearing on his motion and the record is inadequate to show that the county court erred in not waiving the court costs, we affirm the district court's decision.

## BACKGROUND

### Proceedings in County Court

In 2014, the county court convicted Jensen of certain crimes. It imposed a jail sentence, ordered Jensen to pay $3,000 in fines and $39.85 in costs, sentenced him to 24 months' probation, and ordered him to pay $600 in probation fees. After Jensen's appeals were resolved and jurisdiction returned to the county court, Jensen apparently filed a motion on May 25, 2016, seeking payment of four items, including probation fees and court costs. This motion is not in our record, but it is referred to in a county court order.

On December 20, 2016, and January 24, 2017, the county court evidently held hearings. Our bill of exceptions does not contain a verbatim transcription of those hearings; instead, it includes exhibits offered at the December 2016 hearing. According to a subsequent order of the county court, it received the exhibits. Many of the exhibits were poverty affidavits and filings to proceed IFP at various times during the pendency of the case and appeals therefrom. The evidence contained a July 2012 financial affidavit and order permitting Jensen to proceed IFP and directing that costs not already paid as of that date be paid by the county. It contained a January 2013 affidavit of poverty and order sustaining Jensen's motion to appeal IFP to

this court. The evidence also contained an August 2014 poverty affidavit and order by the county court allowing Jensen to prosecute an appeal IFP to the district court. And the evidence reflects that a February 2015 order granted Jensen's request to proceed IFP on appeal.

On January 24, 2017, the county court entered a journal entry and order concerning the motion for fees. As relevant to this appeal, the court denied Jensen's requests for a $600 payment for probation fees. The court also denied Jensen's request for $39.85 in court costs, stating that the court "believes this amount was not included in the District Court's Order to proceed [IFP]."

## Proceedings in District Court

Jensen appealed to the district court. In a statement of errors, he claimed that the county court erred by denying "waver/payment of probation fees" and by not "wavering/paying all court costs."

During a hearing on Jensen's appeal, Jensen directed the court to a 2012 order granting his affidavit and application to proceed IFP. The court observed that the order and financial affidavit predated the county court order at issue by 4½ years. The court inquired whether there was any evidence "more current that would show [Jensen was] still indigent back in January of 2017." Jensen confirmed that there was no new financial affidavit at the time of that hearing. The district court affirmed the county court's order.

Jensen filed a timely appeal, and we moved the case to our docket.[1]

## ASSIGNMENTS OF ERROR

Jensen assigns that the district court erred in (1) using January 24, 2017, to determine his indigency; (2) not finding him to be indigent; (3) finding insufficient evidence to

―――――――
[1] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

require the county to pay his probation fees; and (4) finding insufficient evidence to require the county to waive or pay his court costs.

## STANDARD OF REVIEW

[1] In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeals, and its review is limited to an examination of the record for error or abuse of discretion.[2]

[2] Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. When reviewing a judgment for errors appearing on the record, an appellate court's inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. But an appellate court independently reviews questions of law in appeals from the county court.[3]

## ANALYSIS

Jensen argues that the district court erred in using the date of January 24, 2017, to determine whether he was indigent and in finding that he was not indigent. Jensen mischaracterizes the district court's actions.

The district court, acting as an intermediate court of appeal, was limited in its review to an examination of the record for error or abuse of discretion.[4] Thus, it was compelled to review the record before the county court at the time of its January 24, 2017, order to determine whether the county court erred in denying Jensen's request for waiver of probation fees and costs. The district court made no finding that indigency was determined on that date or that Jensen was not indigent. Instead, the district court affirmed the county court's order concerning probation fees and court costs.

---

[2] *State v. Todd*, 296 Neb. 424, 894 N.W.2d 255 (2017).

[3] *Id.*

[4] See *id.*

Jensen's brief directs us to two statutes, but they have not gone into effect. He argues that under Neb. Rev. Stat. §§ 29-2206 and 29-2208 (Supp. 2017), a sentencing judge does not need a separate hearing to determine indigency. But because those statutes have an operative date of July 1, 2019, they have no application here.

[3] Jensen failed to produce evidence to show indigency at the time his request was heard. An appellant has the responsibility to present a record that permits appellate review of the issue assigned as error.[5] Although Jensen produced financial affidavits and orders allowing him to proceed IFP at various times between 2012 and 2015, he supplied no evidence to show his financial condition at the time of the hearings in December 2016 and January 2017. It is Jensen's financial condition at the time his request was heard that is of importance. If, for instance, Jensen had recently become a millionaire, it would be preposterous to suggest that he should be excused from paying probation fees because he earlier had been a pauper. We note that our own court rule requires an application to proceed IFP and accompanying poverty affidavit to be executed no more than 45 days prior to the filing of the notice of appeal.[6] The stale financial affidavits and earlier orders allowing Jensen to proceed IFP are inadequate to show his financial condition at the time of the hearings.

For much the same reason, Jensen failed to demonstrate that his probation fee should be waived. Neb. Rev. Stat. § 29-2262.06(4) (Reissue 2016) states:

> The court shall waive payment of the monthly probation programming fees in whole or in part if after a hearing a determination is made that such payment would constitute an undue hardship on the offender due to limited income, employment or school status, or physical or mental handicap. Such waiver shall be in effect only during

---

[5] See *State v. Lester*, 295 Neb. 878, 898 N.W.2d 299 (2017).

[6] See Neb. Ct. R. App. P. § 2-101(B)(4) (rev. 2015).

the period of time that the probationer or participant in a
non-probation-based program or service is unable to pay
his or her monthly probation programming fee.

But the record before us contains no evidence that payment
of the monthly probation fee would constitute an undue hard-
ship on Jensen. Evidence that courts had previously allowed
Jensen to proceed IFP simply has no bearing on whether he
was unable to pay a monthly probation fee in January 2017.

The inadequate record also dooms Jensen's claim regarding
court costs. He argues that because he had been allowed to
proceed IFP, the county should pay or waive the court costs of
$39.85. The parties agree that there is nothing to identify the
costs. An order contains a notation of $31 for "Court Costs"
and $8.85 for "Other." In denying Jensen's request, the county
court stated that it believed those costs were not included in
the district court's order to proceed IFP. Jensen has failed to
present a record to demonstrate that the county court's conclu-
sion was erroneous. Accordingly, the district court did not err
in affirming the county court's order.

## CONCLUSION

Because the record fails to demonstrate that payment of the
monthly probation fee would constitute an undue hardship on
Jensen or that the county should pay or waive $39.85 in court
costs, the district court did not err in affirming the county
court's denial of Jensen's requests to waive probation fees
and court costs. We therefore affirm the district court's order
affirming the order of the county court.

AFFIRMED.

HEAVICAN, C.J., not participating.